## EDWARD HINKLE

*v.*

### JOHN L. JONES, administrator, &c.

An injunction cannot be maintained by a remainderman against the administrator of a tenant for life, to prevent his distributing the estate, unless he can prove that the executor of the testator paid over the fund which he claims, to the life tenant.

Bill for relief.  Motion to dissolve injunction on bill and answer.

*Mr. J. M. Robeson, Mr. J. G. Shipman* and *Mr. G. M. Shipman,* for the motion.

*Mr. J. N. Voorhees,* contra.

THE CHANCELLOR.

The bill is filed by one of the persons entitled in remainder to the residuary personal estate of Rebecca Kean, deceased, which, by her will, was bequeathed to her daughter Eliza for life, with provision that, at her decease, if she should leave lawful issue, or the legal representatives of such issue, living, such issue or representatives should be entitled to one-third thereof, and the rest (or in case she should die without leaving lawful issue or representatives thereof, the whole) of the residue should go to and be distributed to the persons to whom, by the will, the proceeds of the sale of the farm of the testatrix were to go, viz., one-third to the chil-

dren of her deceased brother Peter Marshall, one-third to the children of her deceased sister Mary Long, and the other third to the children of her deceased sister Ann Hinkle. The complainant appears, by the bill, to be one of the children of a deceased son of Ann Hinkle.

The testatrix, by the will, requests that, in taking care of the residue of the personal estate, and investing it, her daughter ask the advice and assistance of the executor, which she thereby requests him to render. The testatrix died in 1852, and her estate went into the hands of her executor. Her daughter died on or about December 31st, 1876, leaving a will. She was never married. The executor of the mother was also the executor of the daughter. He proved both wills. He was removed from his executorship of the estate of the daughter, and in February, 1877, the defendant, John L. Jones, was appointed administrator with the will annexed. The executor has left this state. He has never accounted, as far as appears, for the estate of the mother in his hands. The estate of the daughter had been settled, and was about to be distributed when the bill was filed. After it was filed, an injunction was granted, staying the distribution. The administrator has answered, and so have others of the defendants, and motion is now made to dissolve the injunction.

The bill alleges that the residue of the mother's personal estate came to the hands of the daughter, and the complainant seeks to reach it by means of this suit. But while it alleges that the remainder went into the hands of the daughter, the fact is in no way verified. On the other hand, it is explicitly denied by the answers, which state that she never had possession of it, nor of any part of it. To retain the injunction, it is necessary to establish the fact, *prima facie* at least, that the daughter received the residue, but for aught that appears, the executor never paid it to her.

The injunction will be dissolved, with costs.